UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


John Edward McQuin,  Case No. 3:12-cv-1704

    Plaintiff

  v.  MEMORANDUM OPINION
                                  AND ORDER

Commissioner of Social Security,

    Defendant


    This matter is before me on the objections of Defendant Commissioner of Social Security to the Report and Recommendation of Magistrate Judge Burke regarding Plaintiff John Edward McQuin's complaint seeking review of a final decision of Defendant the Commissioner of Social Security[1]. (Doc. No. 16). For the reasons stated below, I adopt the Magistrate Judge's recommendation to reverse and remand the decision of the Commissioner.

    Given the absence of objections to the background and administrative record of the case, I adopt that portion of Magistrate Judge Burke's Report and Recommendation in full. (See Doc. No. 15 at 1-11).

### STANDARD

    A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.

with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (*quoting Heston v. Comm'r Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). Where the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**OBJECTIONS**

The Commissioner argues Magistrate Judge Burke erred in recommending reversal and remand of the Administrative Law Judge's ("ALJ") findings and objects to the Magistrates final holding in the Report and Recommendation. (Doc. No. 16 at 1). Magistrate Judge Burke held that the ALJ failed to adequately explain the basis for determining whether Plaintiff's impairment met or equaled Medical Listing 12.03[2] and the basis for her residual functional capacity ("RFC") determination. The Commissioner objects claiming the ALJ adequately explained the basis for her determinations. *Id.*

Plaintiff McQuin filed a response to the Commissioner's objections. (Doc. No. 17). McQuin agrees with Magistrate Judge Burke's holding and analysis that by failing to adequately explain the basis for her determinations, one can only assume the ALJ based her determinations on her own lay interpretation of the record. *Id.* at 2.

---

[2] Schizophrenic, paranoid, and other psychotic disorders.

2

1. <u>The ALJ's Listing 12.03 and RFC Determination</u>

The Commissioner objects to Magistrate Judge Burke's holding that the ALJ did not adequately explain the basis for her determinations. (Doc. No. 16 at 1). Defendant argues the ALJ explained that she based both her Listing 12.03 and RFC determination on: "(1) Plaintiff's treatment records; (2) Plaintiff's ample ability to function on a daily basis; (3) Plaintiff's manipulative, selective, and exaggerated behavior toward mental health professionals; (4) Plaintiff's inconsistent responses to disability investigators; and (5) Plaintiff's demonstrated ability to deal with stressful situations and to obtain assistance." (Doc. No. 16 at 1).

Further, the Commissioner claims that she cited "numerous pieces of medical evidence to support her conclusions" including (1) treating physician, Dr. Khan's, treatment notes; (2) Rescue Mental Health Services' observations of Plaintiff's behavior; and (3) state agency consulting physician, Dr. Robie's, findings. (Doc. No. 16 at 2).

I agree with Magistrate Judge Burke that remand is appropriate for the ALJ to (1) explain why she overlooked the functional limitations set forth by Dr. Robie, the state agency consulting physician and the diagnosis of treating physician, Dr. Khan, in her Listing 12.03 determination; and (2) give "good reasons" for the weight accorded to Dr. Khan's opinion consistent with the factors listed in 20 C.F.R. § 416.927(c)(1)-(6).

To determine whether an individual is disabled, the Social Security Administration ("SSA") developed a five-step sequential evaluation process. 20 C.F.R. 416.920(a). If, at any step in the evaluation process, the claimant is determined disabled, the evaluation will not go on to the next step. In McQuin's case, the ALJ did not proceed past Step Four because she found claimant was capable of performing past relevant work based on his RFC. (Doc. No. 9 Tr. at 31).

At Step One, the SSA must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. 416.920(b). If he or she is not, Step Two requires the SSA to determine whether claimant's medical impairment is "severe" within the meaning of Social Security regulations. 20 C.F.R. 416.920(c). If the claimant's impairment is "severe," Step Three requires the

3

SSA to determine whether claimant's impairment meets or medically equals a Listed impairment.[3] Taking into consideration the severity of claimant's impairment, the SSA must then determine claimant's RFC. The claimant's RFC is used to determine whether he or she can perform past relevant work under Step Four. If the claimant cannot perform past relevant work, Step Five requires the SSA to determine whether claimant is able to do any other work based on his or her RFC, age, education, and work experience. 20 C.F.R. 416 920(g).

Since the ALJ's Listing 12.03 determination directly impacts her RFC determination, I will only address whether the ALJ's Listing 12.03 determination is supported by substantial evidence. *See* Transcript of Record at 26 ("the [] residual functional capacity assessment reflects the degree of limitation the [ALJ] has found in the "paragraph B" mental function analysis"); *see also Roso v. Comm'r of Soc. Sec.*, 2010 WL 1254831, at *11-12 (the ALJ must consider "whether Plaintiff's [] impairments meet or equal a listed impairment and what effect if any [those] impairments have on [his] RFC").

1. Listing 12.03 Determination

For a claimant's impairment or combination of impairments to meet or medically equal Listing 12.03, specific criteria must be met. Listing 12.03 provides,

> *Schizophrenic, paranoid and other psychotic disorders*: Characterized by the onset of psychotic features with deterioration from a previous level of functioning.
> The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> A. Medically documented persistence, either continuous or intermittent, of one or more of the following:
>
>    1. Delusions or hallucinations; or
>    2. Catatonic or other gruffly disorganized behavior; or
>    3. Incoherence, loosening of associations, illogical thinking, or poverty of content of speech if associated with one of the following:
>       a. Blunt affect; or
>       b. Flat affect; or
>       c. Inappropriate affect; or
>    4. Emotional withdrawal and/or isolation; AND
>
> B. Resulting in at least two of the following:

---

[3] *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.

4

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration; OR

C. Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychological support, and one of the following:

1. Repeated episodes of decompensation, each of extended duration; or
2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indiction of continued need for such an arrangement.

20 C.F.R. Part 404, Subpart P, Appendix 1 (emphasis original).

The ALJ found that Plaintiff's schizophrenia did not meet or medically equal Listing 12.03 because "paragraph B" criteria are not satisfied. (Doc. No. 9 at 25-26). She explained, "[t]o satisfy the "paragraph B" criteria, the mental impairment must result in at least two of the [listed criteria], each of extended duration." *Id.* The ALJ made the following findings,

> In evaluating the claimant's psychological impairments, I have utilized the technique set forth at 20 C.F.R. 404.1520a and 416.920a. His schizophrenia causes no more than mild restrictions in the activities of daily living, no more than moderate difficulties in the ability to maintain social functioning, and no more than moderate deficiencies in concentration, persistence or pace. These assessments are consistent with claimant's treatment records (EX15F, 17F, 21F, 22F) and statements. Specifically, the claimant is able to maintain personal hygiene and grooming, which has included obtaining medical and psychological treatment, prescription medications and extensive dental work. (EX 17F at 3; 12F at 6). The claimant also testified that he utilizes public transportation and shops for himself. The claimant has no problems utilizing community resources when he needs assistance (EX 17F at 7), and he has a desire to live on his own. (Ex [sic] 17F at 5). In addition, his treating physician reports that he has neither a low IQ nor reduced intellectual functioning. (EX 23F at 9). Further, there are no episodes of decompensation for an extended period indicated in the record or reported by the claimant's treating physician. Consequently, the claimant's mental impairment fails to satisfy the A and B criteria. Additionally, there is no history of an inability to function outside a highly supportive living arrangement, and no evidence that he is completely unable to function outside the area of his home. (See, i.e., EX11F, 15F, 17F). Therefore, the A and C criteria are not at listing level severity.

*Id.*

5

The Commissioner correctly points out that the ALJ's conclusions are supported by medical treatment records, progress notes, and written conclusions; observations from an investigative agency; and claimant's testimony. (Doc. No. 16 at 1-3). Further, the Commissioner is correct that the ALJ is not required to elicit additional testing or expert testimony where medical sources do not provide sufficient medical evidence. 20 C.F.R. §§ 404.1517, 416.917. *See also Boulis-Gasche v. Comm'r of Soc. Sec.*, 451 F. App'x 488, 494 (6th Cir. 2011) (declining to impose a duty upon an ALJ to consult a mental health expert where the record contained evidence of mental impairment but lacked "formal assessment of the claimant's mental functioning"). But the ALJ may not "'pick and choose' only the evidence that supports [her] position." *Wilkerson v. Comm'r of Soc. Sec.*, 2010 WL 817307, at *14 (S.D. Ohio Mar. 5, 2010) (*citing Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

If the "[ALJ] failed to consider pertinent evidence, although it was available in the record, [the] matter must be remanded for further administrative proceedings, given that all essential factual issues have not been resolved and there is no clear entitlement to benefits on the record as it now stands." *Wilkerson*, 2010 WL 817307, at 2. In *Wilkerson*, the Commissioner contended Plaintiff's mental impairment did not meet Listing 12.03C "because he is able to perform household chores, use public transportation, and do odd jobs" but failed to consider the treating physician's diagnosis and prescribed medications. *Id.* at *14. Because the ALJ did not mention this evidence in his Listing 12.03C determination, the court held that the ALJ's decision was not supported by substantial evidence. While mere diagnosis of a condition does not establish "disability," the court noted, "it [is] error for the ALJ to overlook or ignore such evidence at Step 3." *Id.*

State agency consulting physician, Dr. Robie, made the following conclusions regarding McQuin's "work-related" abilities:

1. <u>Relate to others, including fellow workers and supervisors</u>: Marked impairment because of social skills deficits, reactivity and paranoia.
2. <u>Understand, remember and follow instructions</u>: Marked impairment because of pronounced difficulties with accuracy evident during today's evaluation.
3. <u>Maintain attention to perform simple or multi-step repetitive tasks:</u> Marked impairment because of pronounced difficulties with accuracy evident during today's evaluation.

6

> 4. <u>Withstand the stress and pressures associated with day-to-day work</u>: Moderate impairment because of reactivity.

Doc. No. 9 Tr. at 288 (emphasis added). Magistrate Judge Burke correctly noted that Dr. Robie made these assessments with the knowledge that McQuin engaged in activities the ALJ finds inconsistent with a Listing 12.03 finding. *See* Transcript of Record at 286-87 ("shopping… selling aluminum cans… bathes one time a week… hangs out at bus stops and parks").

Further, although treating physician Dr. Khan noted that McQuin was "doing well" at his appointment on January 22, 2009, he maintained his diagnosis of schizophrenia, paranoid type and continued prescribing psychotropic medications Seroquel and Celexa to treat that diagnosis throughout 2010. (Doc. No. 9 Tr. at 410, 683); *see also Boulis-Gasche*, 451 F. App'x at 494 (holding that a doctor's use of the word "better" did not provide the ALJ with substantial evidence that Plaintiff's mental impairment subsided). On November 4, 2009, Dr. Khan found Plaintiff "totally disabled." (Doc. No. 9 Tr. at 467).

Had the ALJ considered Dr. Robie's assessment of McQuin's functional limitations and Dr. Khan's continued diagnosis along with all other relevant evidence of record, Plaintiff's schizophrenia might have met or medically equaled a Listing 12.03 impairment; therefore, remand is appropriate.

2. Remand is Warranted

Remand is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). If the ALJ finds the evidence insufficient or inconsistent, she should recontact Plaintiff's treating physicians to "seek additional evidence or clarification"; request additional existing records; or request a consultative examination according to 20 C.F.R. § 416.920b(c)(1)-(4).

7

## CONCLUSION

For the reasons stated above, I adopt the conclusions of Magistrate Judge Burke as set forth in the Report and Recommendation and reverse the decision of the Administrative Law Judge and remand the case to the Commissioner for further proceedings consistent with this opinion.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge