UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Edward McQuin,                      Case No. 3:12 cv 1704

      Plaintiff

v.                                     MEMORANDUM OPINION
                                                       AND ORDER

Carolyn W. Colvin,
Commissioner of Social Security,

      Defendant

## INTRODUCTION

On March 31, 2014, I reversed the decision of the Administrative Law Judge and remanded this case to the Commissioner for further proceedings. (Doc. Nos. 18 and 19). This matter is now before me on Plaintiff's motion for attorney's fees, Defendant's response, and Plaintiff's reply. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the Plaintiff's motion is granted in part and denied in part.

## STANDARDS

Under the Equal Access to Justice Act, 28 U.S.C. § 2412, a court shall award a plaintiff attorney fees when the plaintiff is a prevailing party in a lawsuit against the government, unless the government's position is substantially justified or special circumstances would make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government's "position" includes "the action or failure to act by the agency upon which the civil action is based" in addition to the position the government has taken in the civil action. 28 U.S.C. § 2412(d)(2)(D). A plaintiff must submit "an application for fees and

other expenses which shows that the party is a prevailing party. . . and the amount sought . . . ." 28 U.S.C. § 2412(d)(1)(B).

The plaintiff must assert the government's position was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). The government's position is substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (*quoting Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government's position, for purposes of a motion under the EAJA, must be "justified, both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich*, 868 F.2d at 869.

There are two elements a prevailing party must establish in order to carry his burden under the EAJA with respect to the amount of attorney fees requested. First, the prevailing party must show his requested rate is based upon prevailing market rates for the kind and quality of services furnished. 28 U.S.C. § 2412(d)(2)(A). Second, a party who requests a rate in excess of $125 per hour, must prove "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Finally, the party seeking "an increase in the hourly-fee rate, [ ] bear[s] the burden of producing appropriate evidence to support the requested increase." *Id.*

## DISCUSSION

The Commissioner does not dispute the Plaintiff is entitled to attorney fees. Plaintiff requests attorney fees for 33.40 hours and costs of $350.00. The Commissioner does not dispute the itemization of hours nor the request for costs. Rather, the Commissioner takes issue with the

requested hourly rate of $180.48[1] for Plaintiff's counsel. The Commissioner contends the statutory hourly rate of $125.00 should instead apply in this case.

Plaintiff, through his attorneys, has submitted the following in support of his motion and memorandum in support:

- Affirmation of Charles E. Binder—specifying the background and time of each attorney who billed hours on this case; reference to the Consumer Price Index, noting that the cost of living had increased from March 1996 to December 2012 resulting in a 44% increase in the hourly rate; noting the increased cost of litigating cases by the firm and referencing affidavits by the firm's CFO to substantiate these statements; and reference to a valid assignment by the Plaintiff regarding an award of fees. (Doc. No. 20-2).

- Itemization of hours—for attorneys Eddy Pierre and Charles E. Binder. (Doc. No. 20-3).

- Retainer Agreement and Assignment—transferring the Plaintiff's rights and interests to fees under the EAJA and signed by Plaintiff John E. McQuin. (Doc. No. 20-4).

- Declaration of Harry J. Binder—senior partner and firm CFO attesting to the increase in costs regarding case development, from 1996 to 2012, including the firm's hourly rate, which in 2012, was $450.00 per hour. (Doc. No. 20-5).

- Declaration of Harry J. Binder—senior partner and firm CFO attesting to the same items as above but for the period 1996 to 2013. There was no change to the hourly billing rate of $450.00. (Doc. No. 20-6).

---

[1] Plaintiff arrived at the requested rate of $180.48 by dividing the December 2012 cost-of-living index (219.033) by the March 1996 cost-of-living index (151.70) and multiplying that factor by the statutory rate of $125.00 which equals $180.48.

3

Plaintiff's memorandum in support also references the Consumer Price Index for the Midwest urban region to support his request for fees as the increase in the cost of living includes the period during which a significant portion of the work in this litigation was done. (Doc. No. 20-7 at p. 2). Additionally, Plaintiff cites to The Economics of Law Practice in Ohio by the Ohio State Bar Association[2] and the 2011 Law Firm Billing Survey[3] to support the hourly rate increase both in Ohio and nationally. It is not surprising that hourly rates (since 1996) have not fallen and that the mean hourly rate for Toledo attorneys, according to the 2010 study by the OSBA, as referenced by Plaintiff, is $197.00 per hour.

I recognize there is a split of opinion amongst the judges in this district on taking judicial notice of such items. While these studies or surveys are not attached as exhibits to the movant's motion, he cites to their source in support of his request for increased hourly rate. Certainly, other courts in the Northern District of Ohio have supported an increase in the hourly rate for similar reasons. *See Draper v. Comm'r of Social Sec.*, 980 F.Supp.2d 841 (N.D. Ohio 2013) (awarding hourly rate of $189.50); *Kane v. Astrue*, 2012 WL 5357781 (N.D. Ohio 2012) (awarding hourly rate of $179.51). *But see Scott v. Colvin*, 2014 WL 3101327 * (N.D. Ohio 2014) (citing cases finding similar evidence insufficient).

In making attorney fee assessments, courts are guided by the concept of reasonableness. While awards cannot be made in a vacuum, the approach encouraged by the Supreme Court supports a common-sense adjudication. Although the issue in *Blum v. Stenson*, 465 U.S. 866 (1984), was a fee petition subject to 42 U.S.C. § 1988, it provides useful guidance to the present discussion:

> In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—

---

[2] https://www.ohiobar.org/General%20Resources/pub/2010_Economics_of_Law_Practice_Study (pdf).
[3] http://www.nationallawjournal.com/id=1202535946626.

4

> that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to –for convenience—as the prevailing market rate.

*Id.* at 895 n.11.

In this case, the evidence submitted and citations to authority have not been challenged as outdated or inaccurate. Having considered the submissions and citations by the parties, as well as exercising my discretion, I find that Plaintiff has carried his burden under the EAJA and is entitled to a fee award at the rate of $180.48 per hour for attorney hours.

Additionally, Plaintiff requests the costs of litigating this fee petition and seeks an additional 2.80 hours to review and prepare a reply to the Commissioner's opposition. This is consistent with the teachings of *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990), which noted "the EAJA-like other fee-shifting statutes-favors treating a case as inclusive whole, rather than as atomized line-items. . .[W]e find no textual or logical argument for treating so differently a party's preparation of a fee application its ensuing efforts to support that same application." *Id.*

As there is no objection to the hours itemized, I find the hourly rate of $180.48 applies the hours sought, 36.20[4] hours, for a total of $6,533.37 in attorney fees, exclusive of costs.

Finally, the Commissioner objects to the award being made directly to Plaintiff's counsel. Plaintiff's initial motion requested an award "made payable to Plaintiff's attorney pursuant to assignment after it is determined that the claimant does not have outstanding federal debt subject to collection." (Doc. No. 20-7 at p. 5). In considering whether attorney fees were payable directly to counsel or the party, the Supreme Court stated, it "agree[d] that the text of the Equal Access to Justice Act (EAJA) and our precedents compel the conclusion that an attorney's fee award under 28

---

[4] 33.40 requested in Plaintiff's initial motion plus 2.80 hours requested in Plaintiff's reply for a total of 36.20 attorney hours.

U.S.C. § 2412(d) is payable to the prevailing litigant rather than the attorney." *Astrue v. Ratliff*, 560 U.S. 586, 598-99 (2010) (Sotomayor, J. concurring).

Pursuant to the holding of the Court in *Ratliff*, the award of attorney fees, under the EAJA, is made payable to the Plaintiff subject to any outstanding federal debt subject to collection.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 20) is granted. Plaintiff is awarded fees in the amount of $6,533.37 and costs of $350.00.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge